NANCY SHER COHEN (Bar No. 81706)
Nancy.Cohen@HellerEhrman.com
JOHN C. ULIN (Bar No. 165524)
John.Ulin@HellerEhrman.com
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071-3043
Telephone: (213) 689-0200
Facsimile: (213) 614-1868

Attorneys for Defendant
Kohler Co.

FILED
CLERK, U.S. DISTRICT COURT
FEB 29 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| THERESA M. SHORT VASCONCELLOS and JAMES R. VASCONCELLOS, Jr. on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KOHLER COMPANY, a Wisconsin Company, and Does 1-10, inclusive,<br><br>Defendants. | Case No.: CV 06-07086 PSG (SHx)<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**<br><br>The Honorable Philip S. Gutierrez |

1. <u>PURPOSES AND LIMITATIONS</u>

The Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, commercially sensitive or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Specifically, the Parties anticipate that discovery will call for information relating to the production and distribution of Sterling brand bathtubs that Defendant Kohler Co. considers highly confidential and may call for the production of other confidential materials or information. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in paragraph 8 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 "Document" includes all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by a Party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above.

2.2 "Confidential Information" means any trade secret or other confidential research, development or commercial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7), contained in any Document or discussed in any testimony. As set forth below, Documents and testimony containing Confidential Information may be designated as "CONFIDENTIAL MATERIAL."

2.3 "Party" means Theresa M. Short Vasconcellos, James R. Vasconcellos, Jr. or Kohler Co.

2.4 "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.5 "Disclosing Party" means any Party or Third Party who gives testimony or produces Documents or other information in this action.

3. SCOPE

This Order shall be applicable to and govern all Documents containing Confidential Information that the Disclosing Party designates as "CONFIDENTIAL MATERIAL" furnished, directly or indirectly, by or on behalf of any Party or Third Party in connection with this action.

4. DESIGNATING CONFIDENTIAL INFORMATION

4.1. In designating information as "CONFIDENTIAL MATERIAL," a Disclosing Party shall make such designation only as to materials that the Disclosing Party believes in good faith to be or contain Confidential Information. "CONFIDENTIAL MATERIAL" shall be used by the parties to this litigation solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

4.2 Disclosing Parties shall designate "CONFIDENTIAL MATERIAL" as follows:

4.2.1 In the case of Documents (other than transcripts of witness testimony and Documents in non-paper media), the Disclosing Party shall make the

designation by placing the following legend "CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER IN <u>VASCONCELLOS V. KOHLER CO.</u>, CV-06-07086 PSG (C.D. Cal.)" on every page of any such Document prior to production. In the event that a Disclosing Party inadvertently fails to stamp or otherwise designate a Document or other information as "CONFIDENTIAL MATERIAL" at the time of its production, it may do so by giving notice to all Parties within 5 business days of discovery, who shall thereafter treat the materials pursuant to the provisions of this Order.

         4.2.2 In the case of transcripts of depositions or other testimony (including exhibits), the Disclosing Party may designate testimony (including exhibits) as containing "CONFIDENTIAL MATERIAL" by so stating on the record during the deposition, or thereafter by notifying the other Party in writing of the portions of such testimony to be so designated within twenty (20) days of receipt of the transcript. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL." If no designation is made within twenty (20) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL MATERIAL" other than portions designated on the record during the deposition, if any. If the Disclosing Party thereafter determines that it inadvertently failed to designate testimony as "CONFIDENTIAL MATERIAL," it may do so by giving notice to all Parties, who shall thereafter treat the materials in accordance with the provisions of the Order. Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the "CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER IN <u>VASCONCELLOS V. KOHLER CO.</u>, CV-06-07086 PSG (C.D. Cal.)" legend.

         4.2.3 Any Confidential Information produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL –

SUBJECT TO PROTECTIVE ORDER IN <u>VASCONCELLOS V. KOHLER CO.</u>, CV-06-07086 PSG (C.D. Cal.)." In the event a Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such Party must stamp each page "CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER IN <u>VASCONCELLOS V. KOHLER CO.</u>, CV-06-07086 PSG (C.D. Cal.)," and the hard copy, transcription or printout shall be treated as it is designated.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the Disclosing Party written notice of its disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the Disclosing Party is served with said such notice. The burden of proving that information has been properly designated as "CONFIDENTIAL MATERIAL" is on the Party making such designation. The information shall be maintained in confidence until the Court rules upon the request for appropriate relief.

6. <u>DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

6.1 In the absence of written permission from the Disclosing Party or an order of the Court, information designated as "CONFIDENTIAL MATERIAL" may be disclosed only to the following persons:

6.1.1 "Outside" Counsel, including paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

6.1.2 "In-house" litigation attorneys, including paralegal assistants, stenographic and clerical employees working under the direct supervision of such in-house litigation attorneys;

6.1.3 Employees of a Party (other than in-house counsel or paralegals) who are needed by counsel for the Party to work directly on this litigation and provide technical advice, with disclosure only to the extent necessary to perform such work, provided that the employees to whom such disclosure is to be made have been identified and approved in writing in advance by the Disclosing Party. Such approval shall not be unreasonably withheld;

6.1.4 Any expert or consultant who is actively assisting in the preparation and trial of this action. Only outside retained experts who are not employed by a competitor of a Party may have access to the "CONFIDENTIAL MATERIAL" of that Party. Prior to disclosing any "CONFIDENTIAL MATERIAL" to any expert, Counsel for the party contemplating such disclosure shall ascertain that: (1) the expert is not (and is not intended to become) affiliated with or employed by any entity that is a competitor of the Disclosing Party and (2) each such expert has executed a copy of the annexed "EXHIBIT A". Counsel for the party obtaining an expert's signature on "EXHIBIT A" shall retain the original signed copy and, if the Court so orders, shall provide a copy of the signed acknowledgement to all counsel of record;

6.1.5 Without further order of the Court or the agreement of the Disclosing Party, a party may use "CONFIDENTIAL MATERIAL" in examining only the following witnesses: (1) individuals who are or were employed with the Disclosing Party, or (2) experts (who shall meet the conditions of paragraph 6.1.4). Any copies of "CONFIDENTIAL MATERIAL" used during examination of a witness must either be destroyed after the conclusion of the deposition or examination under oath or, if the "CONFIDENTIAL MATERIAL" is made a

deposition exhibit, placed in a sealed envelope that bears a legend that complies with paragraph 4.2.2.;

        6.1.6 Service contractors (such as document copy services, court reporters and videographers);

        6.1.7 Personnel of the Court and all appropriate courts of appellate jurisdiction; and

        6.1.8 Any other person agreed to in advance by the parties in writing.

    6.2 "CONFIDENTIAL MATERIAL" shall not be disclosed to persons described in paragraphs 6.1.2, 6.1.3, 6.1.4, 6.1.6 and 6.1.8 unless and until such person has been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "EXHIBIT A." A list shall be maintained by counsel for the parties hereto of the names of all persons (except for counsel and their support personnel) to whom "CONFIDENTIAL MATERIAL" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon a showing of reasonable cause. Similar but separate lists shall also be maintained with respect to "CONFIDENTIAL MATERIAL" provided by Third Parties, and such lists shall be available for inspection by the Court and opposing counsel upon a showing of reasonable cause.

    6.3 No one may attend or review the transcripts of the portions of any deposition or examination under oath at which "CONFIDENTIAL MATERIAL" is shown or discussed, or review a transcript thereof, other than the court reporter and videographer (who shall first have executed "EXHIBIT A"), Outside Counsel, a representative of the Disclosing Party, counsel for the Disclosing Party, the deponent and counsel for the deponent (provided that deponent and deponent's counsel have previously executed "EXHIBIT A"), and experts qualified to review "CONFIDENTIAL MATERIAL" under paragraph 6.1.4.

7. **GENERAL PROVISIONS**

7.1 Except to the extent expressly authorized in this Protective Order, or otherwise allowed by the Court, neither "CONFIDENTIAL MATERIAL" shall be used or disclosed for any purpose other than for preparation and trial of this litigation and/or of any appeal therefrom, and shall not be used for any other purpose, including business, commercial, administrative, or other judicial proceedings.

7.2 Any summary, abstract, compilation, copy, or other documents or portions thereof containing substantive information from "CONFIDENTIAL MATERIAL," to the extent such documents contain or disclose substantive information, shall be subject to the terms of this Order to the same extent as the material or information from which such summary, abstract, compilation, copy, database, or electronic image is made or derived.

7.3 All persons receiving "CONFIDENTIAL MATERIAL" are enjoined from disclosing it to any other person, except in conformance with this Order. Each individual who receives any "CONFIDENTIAL MATERIAL" hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with or violation of this Order.

7.4 The recipient of any "CONFIDENTIAL MATERIAL" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to it own proprietary information.

7.5 Nothing in this Order shall be deemed to restrict in any manner the use by any Disclosing Party of any information in its own documents and materials; however, if any Disclosing Party uses its own documents and materials in a manner inconsistent with maintaining confidentiality, the protections of this Order shall be deemed waived with respect such documents and materials. This Order does

not apply to information obtained by the Parties through means other than the use of the discovery process or voluntary agreement between parties in this case.

8. FILING CONFIDENTIAL MATERIAL

If a Party intends to file with the Court materials designated by a Disclosing Party as "CONFIDENTIAL MATERIAL" pursuant to this Order (or any pleading, motion, or memorandum referring to such materials), the Party intending to file such materials shall make a motion for an order sealing such materials as set forth in the applicable Local Rules. A complete, unredacted set of Documents filed under seal shall be provided by the filing Party to opposing counsel. In the event that any "CONFIDENTIAL MATERIAL" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

9. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

If "CONFIDENTIAL MATERIAL," or any portion thereof, is disclosed by a Party, through inadvertence or otherwise, to any person not authorized under this Order, then the Party shall use its best efforts to immediately retrieve all copies of such Document or information and to bind such person to the terms of this Order. In such event, the Party also shall (1) promptly inform such person of all the provisions of this Order; (2) identify such person immediately to the Disclosing Party and inform the Disclosing Party of all pertinent facts relating to such disclosure; (3) request such person to sign the "EXHIBIT A" attached hereto; and (4) without prejudice to any other rights and remedies of the Disclosing Party, make every effort to prevent further disclosure by the person who was the recipient of such information.

10. CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

Within 72 hours of any Party having possession, custody or control of any "CONFIDENTIAL MATERIAL" receiving a subpoena or other process or order to

produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving Party shall notify counsel for the Disclosing Party, furnish counsel for the Disclosing Party with a copy of said subpoena or other process or order, and shall thereafter cooperate with respect to all reasonable procedures sought to be pursued by the Disclosing Party whose interests may be affected. The Disclosing Party asserting the "CONFIDENTIAL MATERIAL" treatment shall have the burden of defending against such subpoena, process or order. The Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the "CONFIDENTIAL MATERIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

11. **FINAL DISPOSITION**

Within sixty (60) days of the termination of litigation between the Parties, all "CONFIDENTIAL MATERIAL," and all copies thereof, shall be returned to the Party that produced it or shall be destroyed. Counsel for each Party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

12. **DURATION**

Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court for good cause shown upon reasonable written request.

13. **MISCELLANEOUS**

13.1 This Order is without prejudice to the right of any Party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive hereof.

13.2 This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not

producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February___, 2008.

_____
The Honorable Stephen J. Hillman,
Magistrate Judge, United States District Court,
Central District of California

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February ___, 2008.    KABATECK BROWN KELLNER LLP

By _____
NIALL YAMANE
Attorneys for plaintiffs
THERESA M. SHORT VASCONCELLOS and
JAMES R. VASCONCELLOS

DATED: February 15, 2008    HELLER EHRMAN LLP

By _____
JOHN C. ULIN

Attorneys for defendant
KOHLER CO.

producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 21, 2008.

_____
The Honorable Stephen J. Hillman,
Magistrate Judge, United States District Court,
Central District of California

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February ___, 2008.    KABATECK BROWN KELLNER LLP

By_____
    NIALL YAMANE
Attorneys for plaintiffs
THERESA M. SHORT VASCONCELLOS and
JAMES R. VASCONCELLOS

DATED: February 15, 2008    HELLER EHRMAN LLP

By_____
    JOHN C. ULIN

Attorneys for defendant
KOHLER CO.

11
STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATION AND PROTECTIVE ORDER

I, _____, hereby acknowledge that

a) I have received a copy of the Protective Order that was entered by the Court on _____ in *Vasconcellos v. Kohler Company*, Case No. CV 06-07086 PSG (SHx) ("Protective Order"),

b) I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney,

c) I understand the terms of the Protective Order and agree to comply with and to be bound by such terms,

d) If I receive documents or information designated as "CONFIDENTIAL MATERIAL," I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order,

e) I agree to hold in confidence and to not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order,

f) I agree to return all materials containing "CONFIDENTIAL MATERIAL" in accordance with paragraph 11 of the Protective Order,

g) I certify that I will not use any "CONFIDENTIAL MATERIAL" for any business or competitive purpose, and

h) I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California for resolution of any matters pertaining to the Protective Order.

My address is _____.

My present employer is _____.

My title is _____.

Date _____   Signature _____